# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| EMERGENCY PROFESSIONAL SERVICES, INC., *et al.*, | ) ) ) | Case No. 1:19-cv-1224 |
| | ) | Judge J. Philip Calabrese |
| Plaintiffs and Counter-Claim Defendants, | ) ) ) | Magistrate Judge Jonathan D. Greenberg |
| v. | ) ) | |
| AETNA HEALTH, INC., *et al.*, | ) ) | |
| Defendants and Counter-Claim Plaintiffs. | ) ) ) | |

## ORDER APPOINTING SPECIAL MASTER

On June 8, 2022, the Court held an informational session to educate Judge Calabrese and Judge Greenberg about the legal and factual background of the parties' claims and defenses. At the conclusion of the session, and later in written form, the Court provided notice that it might appoint a Special Master to oversee the proceedings in this action. (ECF No. 68.) The Court afforded the parties an opportunity to be heard (*id.*; *see* ECF No. 72), and each suggested candidates for consideration as appointment as a Special Master.

On consideration of the record and the parties' respective positions, and pursuant to Rule 53 of the Federal Rules of Civil Procedure, the Court **APPOINTS** as Special Master Marisa T. Darden. As Rule 53 requires, the Court sets out below the duties and terms of the Special Master and reasons for appointment and **ORDERS** the Special Master to "proceed with all reasonable diligence." Fed. R. Civ. P. 53(b)(2).

I.   Background

Based on parties' presentations at the informational session, effective management of this case will require a significant amount of attention and oversight from the Court. The assigned judicial officers manage significant workloads, particularly at a time when the Court has two magistrate judge vacancies. Further, the subject matter of this action will require technical expertise in the billing and coding practices at issue. In such circumstances, courts facing similar challenges conclude that appointment of a Special Master is appropriate to help the Court with various pretrial, trial, and post-trial tasks. Indeed, the 2003 amendments to Rule 53 specifically recognize the pretrial, trial, and post-trial functions of masters in contemporary litigation. Accordingly, the Court finds that appointment of a Special Master will assist the Court in both effectively and expeditiously resolving the parties' discovery disputes and preparing this case for trial.

II.   Rule 53(b)(2)

Effective December 1, 2003, Rule 53 was amended and now requires an order of appointment to include certain contents. *See* Fed. R. Civ. P. 53(b)(2). The following discussion sets forth the matters required.

**II.A.   Master's Duties**

Rule 53 provides that the Court may appoint a master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C). Based on the parties' submissions regarding their discovery disputes (ECF No. 54; ECF

No. 55) and the parties' presentations to the Court during the informational session, the Court finds that the pretrial and discovery proceedings the parties require cannot be effectively and timely addressed by a judicial officer of the Court given the nature of the claims and the technical expertise resolving discovery disputes may well require.

The Court has reviewed recent legal authority addressing the duties of a Special Master that are permitted under the Federal Rules of Civil Procedure and Article III of the Constitution. Consonant with this legal authority and the currently anticipated needs of the Court, the Court states that the Special Master in these proceedings shall have the authority to address pretrial matters, including but not limited to the following:

1. Establish discovery and other schedules, review and attempt to resolve informally any discovery conflicts (including issues such as the discoverability of particular information, privilege, confidentiality, and access to trade secrets and other records), and supervise discovery.

2. Assist with preparation for attorney conferences (including formulating agendas), scheduling, and negotiating changes to the case management order.

3. Oversee management of docketing, including the identification and processing of matters requiring court rulings including but not limited to the filing of any materials under seal if appropriate under governing law.

4. Compile data and assist with, or make findings and recommendations with regard to, interpretation of scientific and technical evidence and assist with legal

analysis of the parties' motions or other submissions, whether made before, during, or after trials, and make recommended findings of fact and conclusions of law.

5. Direct, supervise, monitor, and report on implementation and compliance with the Court's Orders and make findings and recommendations on remedial action if required.

6. Interpret any agreements the parties reach.

7. Propose structures and strategies for attorneys' fee issues and fee settlement negotiations, review fee applications, and evaluate parties' individual claims for fees, as might become necessary.

8. Administer, allocate, and distribute funds and other relief, as might become necessary, and monitor compliance with injunctions, as might become necessary.

9. Make formal or informal recommendations and reports to the parties, and make recommendations and reports to the Court, regarding any matter pertinent to these proceedings.

10. Communicate with parties and attorneys as needs might arise to permit the full and efficient performance of these duties.

In addition to the foregoing, the Court may refer any motion, including motions under Rule 702 and Rule 56, to the Special Master for a report and recommendation if the Court determines that doing so is appropriate and will assist the Court in effectively and timely resolving the motion.

**II.B.   Communications with the Parties and the Court**

Rule 53(b)(2)(B) directs the Court to set forth "the circumstances, if any, in which the master may communicate *ex parte* with the court or a party."

**II.B.1. *Ex Parte* Communications with the Court**

The Special Master may communicate *ex parte* with the Court at the Special Master's discretion, without providing notice to the parties, to assist the Court with legal analysis of the parties' positions, except that the Special Master may not communicate to the Court any matters within the mediation privilege or relating to any settlement negotiations.

The Special Master may also communicate *ex parte* with the Court, without providing notice to the parties, regarding logistics, the nature of her activities, management of the litigation, and other appropriate procedural matters.  The Court may later limit the Special Master's *ex parte* communications with the Court with respect to certain functions if the role of the Special Master changes.

**II.B.2. Ex Parte Communications with the Parties**

The Special Master may not communicate ex parte with any party or counsel for any party without the express written consent of the parties or their counsel. The Special Master may resolve any claim of privilege through an *in camera* review of appropriate materials through a process that affords the party challenging a claim of privilege the opportunity to be heard.

**II.C. Master's Record**

Rule 53(b)(2)(c) states that the Court must define "the nature of the materials to be preserved and filed as a record of the master's activities." The Special Master shall maintain normal billing records of her time spent on this matter, with reasonably detailed descriptions of her activities and the matters worked on. *See also* Section II.E of this Order, below.

If appropriate, the Special Master shall submit a report and recommendation in writing for electronic filing on the case docket. The Special Master need not preserve for the record any documents created by the Special Master that are docketed in this or any other court, nor any documents received by the Special Master from counsel or parties in this case. The Court may later amend the requirements for the Special Master's record if the role of the Special Master changes.

**II.D. Review of the Special Master's Orders**

Rule 53(b)(2)(D) directs the Court to state "the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations." The Special Master shall either: (1) reduce any formal order, finding, report, or recommendation to writing and file it electronically on the case docket via Electronic Case Filing; or (2) issue any formal order, finding, report, or recommendation on the record, before a court reporter.

Pursuant to Rule 53(f)(2), any party may file an objection to the Master's report and recommendation within 21 calendar days of the date it is electronically filed. Any objection to a procedural order must be made within 7 calendar days. Failure to meet

these deadlines results in permanent waiver of any objection to the Special Master's orders, findings, reports, or recommendations.

Absent timely objection, the reports and recommendation of the Special Master shall be deemed approved, accepted, and ordered by the Court, unless the Court explicitly provides otherwise. As provided in Rule 53(f)(4) and (5), the Court shall decide de novo all objections to conclusions of law made or recommended by the Special Master; and the Court shall set aside a ruling by the Special Master on a procedural matter only for an abuse of discretion. The Court shall retain sole authority to issue final rulings on matters formally submitted for adjudication, unless otherwise agreed by the parties, and subject to waiver of objection to written orders or recommendations as noted above. To the extent the Special Master enters an order, finding, report, or recommendation regarding an issue of fact, the Court shall review such issue de novo, if any party timely objects. *See* Fed. R. Civ. P. 53(f)(3). Failure to timely object results in permanent waiver of any objection to the Special Master's findings of fact.

**II.E. Compensation**

Rule 53(b)(2)(E) states that the Court must set forth "the basis, terms, and procedure for fixing the master's compensation." *See also* Fed. R. Civ. P. 53(g) (addressing compensation). The Special Master shall be compensated at the rate of $575.00 per hour, with the parties bearing this cost equally (50% by Plaintiffs and 50% Defendants). The cost is subject to reallocation on an issue-by-issue basis on the recommendation of the Special Master. The Special Master shall incur only such fees

7

and expenses as might be reasonably necessary to fulfill her duties under this Order, or such other Orders as the Court might issue.

Within 14 days of the date of this Order, the parties shall REMIT to the Special Master an initial, one-time retainer of $25,000.00 (50% by Plaintiffs and 50% by Defendants); the Court will not order additional payments by the parties to the Special Master until the retainer is fully earned. The Court has "consider[ed] the fairness of imposing the likely expenses on the parties and [has taken steps to] protect against unreasonable expense or delay." Fed. R. Civ. P. 53(a)(3). From time to time, on approximately a monthly basis, the Special Master shall submit to the Court an itemized statement of fees and expenses, which the Court will inspect carefully for regularity and reasonableness. The itemized statement shall not reflect any confidential information or the substance of any *ex parte* communications with the Court. Each itemized statement shall include a signature line for the Court, accompanied by the statement "approved for disbursement." If the Court determines the itemized statement is regular and reasonable, the Court will sign the corresponding statement and transmit it to the parties. The parties shall then remit to the Special Master their half-share of any Court-approved amount, within 20 calendar days of Court approval.

Finally, the Special Master shall not seek or obtain reimbursement or compensation for support personnel, absent approval by the Court. However, if necessary, appropriate, and reasonable, the Special Master may use other legal personnel at her firm to discharge her duties so long as (1) all such personnel adhere

to the terms of this Order and (2) the hourly rate charged for any such person does not exceed that person's standard hourly rate or the hourly rate of the Special Master set in this Order, whichever is lower.

**II.F. Other Matters**

**II.F.1. Affidavit or Declaration**

Rule 53(b)(3) notes that the Court may enter an Order of appointment "only after the master has filed an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455." *See also* Fed. R. Civ. P. 53(a)(2) (discussing grounds for disqualification).

**II.F.2. Protective Order**

At the same time the Special Master executes the affidavit discussed above, she shall also execute an affidavit agreeing to be bound by the governing Protective Order in this case. (ECF No. 32.) As an appointee of this Court, the Special Master is a Qualified Person under sub-paragraph 17(a) of the Protective Order without the need for further amendment of the Protective Order. Pursuant to this Order, the Special Master will have access to Confidential and Attorneys' Eyes Only materials and information under the Protective Order, and the Court clarifies in case of any doubt that providing such materials to the Special Master does not waive any protections under the Protective Order.

**II.F.3. Cooperation**

The Special Master shall have the full cooperation of the parties and their counsel. Pursuant to Rule 53(c), the Special Master may, if appropriate, "impose upon

a party any noncontempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty." As an agent and officer of the Court, the Special Master shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions.

The parties will make readily available to the Special Master any and all facilities, files, databases, and documents which are necessary to fulfill the Special Master's functions under this Order.

### II.F.4. Electronic Filing

The Court ORDERS that attorney Marisa T. Darden be given access to file electronically in this matter. Further, the Court ORDERS that Ms. Darden receive access to any and all sealed filings in this matter.

**SO ORDERED.**

Dated: July 7, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio