UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EMERGENCY PROFESSIONAL SERVICES, INC., *et al.*, | ) ) ) | Case No. 1:19-cv-1224 |
| | ) | Judge J. Philip Calabrese |
| Plaintiffs and Counter-Claim Defendants, | ) ) ) | Magistrate Judge Jonathan D. Greenberg |
| v. | ) ) | |
| AETNA HEALTH, INC., *et al.*, | ) ) | |
| Defendants and Counter-Claim Plaintiffs. | ) ) ) | |

# OPINION AND ORDER

In this complex dispute over emergency services in the State of Ohio, the Special Master issued a discovery order pursuant to Rule 53(d). (ECF No. 79.) In her seventeen-page ruling, based on briefs and formal and informal conferences with counsel, the Special Master addressed about a dozen outstanding discovery issues, most of which involved various requests for discovery Defendant Aetna Health made to Plaintiffs. In response to the Discovery Order, Plaintiffs lodge various objections, prompting the Court's review.

## STANDARD OF REVIEW

When acting on a special master's order, the Court "may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1). In this respect, the ultimate decision rests with the Court and must be its own. *See Quantum Sail Design Grp., LLC v. Jannie*

*Reuvers Sails, Ltd.*, 827 F. App'x 485, 491 (6th Cir. 2020). In reviewing objections to a master's findings of facts, a court operates with "respect and a tacit presumption of correctness" but "assumes the ultimate responsibility for deciding all matters." *Id.* at 491 (cleaned up).

Under Rule 53(f)(5), "the court may set aside a master's ruling on a procedural matter only for an abuse of discretion." The Appointing Order did not change this standard of review. It provides that "the Court shall set aside a ruling by the Special Master on a procedural matter only for an abuse of discretion." (ECF No. 73, PageID #653.) A special master's discovery ruling presents a procedural matter. *See, e.g.*, *Ravin Crossbows, LLC v. Hunter's Mfg. Co.*, No. 5:18-cv-1729, 2020 WL 7706257, at *2 (N.D. Ohio Dec. 29, 2020). An abuse of discretion occurs where the reviewing court has a definite and firm conviction that a clear error of judgment has occurred. *See, e.g.*, *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018). A ruling that is arbitrary, unjustifiable, or clearly unreasonable constitutes an abuse of discretion. *Plain Dealer Publ'g Co. v. City of Lakewood,* 794 F.2d 1139, 1148 (6th Cir. 1986). In practice, this standard results in upholding a decision that falls within a broad range of permissible choices. *See, e.g.*, *Elfelt v. United States*, 149 F. App'x 402, 409 (6th Cir. 2005) (citing *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 400 (1990)); *Coston v. Detroit Edison Co.*, 789 F.2d 377, 379 (6th Cir. 1986).

Although the Appointing Order did not change the standard of review, it did change the time for a party to object to a procedural ruling by the Special Master. Under the Appointing Order, "[a]ny objection to a procedural order must be made

2

within 7 calendar days." (ECF No. 73, PageID #652.) Plaintiffs did not object within this timeframe. Failure to object by the deadline "results in permanent waiver of any objection." (*Id.*, PageID #653.) Notwithstanding these provisions, the record shows that the parties operated under the assumption that the twenty-one-day period of Rule 53(f)(2) applied (*see* ECF No. 81), and the Court set a longer schedule for objections. So as not to deprive Plaintiffs of the opportunity for review because of the misunderstanding of the time for objecting under which all parties labored, the Court will, on this one occasion, not enforce the waiver. However, it advises the parties that it will do so in the future.

## ORAL ARGUMENT

Based on a review of the record before the Court, including the parties' briefing and the Special Master's Discovery Order itself, the Court declines to hold an oral argument on Plaintiffs' objections. The record adequately frames the issues for review, and the standard of review does not justify a further delay in ruling or the expense to the parties that an oral argument would occasion. Further, the parties have had ample opportunity to present their respective positions to the Special Master. Although Rule 53(f)(1) states that a court, when acting on a special master's order, "must give the parties notice and an opportunity to be heard," Plaintiffs received that opportunity through briefing on their objections. The Rule does not require more.

## ANALYSIS

As relevant here, the Special Master allowed discovery from Plaintiffs on five categories of information. Plaintiffs object to the Special Master's Discovery Order. (ECF No. 82.) Aetna Health responded to the objections and requests an award of attorneys' fees for doing so. (ECF No. 84.)

### I. Proportionality

Plaintiffs begin by objecting that the Special Master failed to consider the scope of discovery in Rule 26(b)(1), which limits discovery to relevant matters proportional to the needs of the case. In doing so, Plaintiffs characterize Aetna Health as engaging in fishing expeditions through its discovery requests and object that the Discovery Order does not explain, request by request, the proportionality of the discovery ordered. (ECF No. 82, PageID #716–17.)

At the outset, the Court notes that the Special Master's Discovery Order begins by setting forth the proper standard of Rule 26(b)(1) that defines the scope of discovery, including proportionality:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

(ECF No. 79, PageID #689 (quoting Fed. R. Civ. P. 26(b)(1)).) Under that standard, although discovery might potentially sweep quite broadly, it is not without limits.

4

*See Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (quoting *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 906 (6th Cir. 1991)).

The proportionality requirement "ensures that the parties and courts share the 'collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes.'" *Helena Agri-Enters., LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 273 (6th Cir. 2021) (quoting Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment). The amended Rule's emphasis on proportionality encourages reasonable limits on discovery through common sense, guides discovery so there is less opportunity for delay, and requires active judicial case management. *Id.* (citations and quotations omitted.)

Because the Discovery Order does not expressly recite these familiar principles, Plaintiffs invite the Court to determine that each of the Special Master's rulings on the specific categories of documents at issue fails the proportionality analysis. Doing so would not be consistent with abuse-of-discretion review. Just because the Discovery Order did not engage in the make-work exercise of expressly stating the discovery allowed with explicit reference to the precise proportionality language Plaintiffs complain is absent does not mean that the Special Master did not understand the governing standard or properly consider the proportionality of the discovery at issue. Indeed, discovery orders from federal judges and magistrates often provide far less reasoning or explanation than the Special Master did here.

Where a decisionmaker fails to apply the correct legal standard, she abuses her discretion. *Quantum Sail*, 827 F. App'x at 490–91 (quoting *Pullman-Standard v.*

5

*Swint*, 456 U.S. 273, 287 (1982)). Having articulated the proper standard for the scope of discovery under Rule 26(b)(1), nothing in the record suggests that the Special Master does not understand proportionality or did not take it into account in the Discovery Order. For all these reasons, the Court **OVERRULES** Plaintiffs' first objection and has no occasion to consider Aetna Health's argument that Plaintiffs waived or forfeited any proportionality objection.

## II.  Specific Discovery Requests at Issue

As a threshold matter, Aetna Health argues that Plaintiffs merely rehash their arguments to the Special Master that she disposed of in the Discovery Order. (ECF No. 84, PageID #1210–11.) This routine discovery dispute does not merit the time and resources of the Court to review the record before the Special Master in the level of detail necessary to determine the accuracy of this claim. Nor does the standard of review. Therefore, the Court proceeds to analyze Plaintiffs' objections.

### II.A.  Cost Information

Aetna Health requests discovery related to Plaintiffs' costs in providing emergency room services. Upon review of Plaintiffs' arguments opposing this requested discovery, the Special Master ruled that "costs incurred by Plaintiffs and the profit margin realized on services rendered relative to billed charges are relevant to the reasonable value analysis and are therefore discoverable under Rule 26." (ECF No. 79, PageID #694.)

Plaintiffs object to this ruling on three grounds. First, they contend that labor costs are irrelevant because they are not included in their damages, as defined in their complaint. (ECF No. 82, PageID #717–18.) Second, Plaintiffs argue that the

6

request has no relevance to determining the reasonable value of their services because Ohio law measures the reasonable value of medical services by the amounts that other providers in the same locality charge. (*Id.*, PageID #718.) Finally, Plaintiffs resist discovery on the grounds that their cost information has no relationship to the plan or the reasonable charge it agreed to pay and that they already produced a claims file that identifies all charges in Ohio from 2013 to 2021. (*Id.*, PageID #718–20.)

To the extent the parties attempt to resolve the proper measure of damages for their respective claims and defenses as a matter of law, doing so through a discovery dispute is not proper, and the Court declines to enter that fray in the current procedural posture. Because the information sought has relevance to the parties' respective claims and defenses, specifically providing information for them to craft arguments relating to the reasonable value of services, and is proportional to the needs of the case (Plaintiffs make no specific argument to the contrary), the Court cannot say that the Special Master abused her discretion in this ruling.

### II.B. Corporate Structure

By way of background, Aetna Health's counterclaims allege that TeamHealth, a national healthcare practice management company, owns or is affiliated with Plaintiffs and provides back-office management services to them. At the day-long tutorial, Plaintiffs conceded the relationship. (ECF No. 71, PageID #459–60.) Aetna Health requests discovery regarding "TeamHealth's organizational structures, shareholders, officers, management teams, and financial statements, as well as

7

documents and material that illuminate the relationships between and among Plaintiffs and TeamHealth." (ECF No. 79, PageID #695.)

After reviewing authorities that address discovery regarding an affiliate through a party, the Special Master determined that discovery regarding the relationship between Plaintiffs and TeamHealth bears on "the core issues in this case, including in determining the ultimate aggrieved party and the entity which allegedly suffered financial harm based on Defendants' billing practices." (*Id.*, PageID #697.) Based on a review of the record and the parties' briefs, the Court cannot say that the Special Master abused her discretion in making this determination. Plaintiffs' passing reference to two out-of-circuit cases does not change this determination. (ECF No. 82, PageID #721.) To be sure, particular documents or requests might exceed the bounds of relevance or proportionality. But the Court trusts that the Special Master will exercise her discretion appropriately to deal with any such circumstances, which do not warrant the blanket denial of discovery Plaintiffs' objection seeks.

### II.C. Hospital Contracts

Aetna Health requested discovery related to Plaintiffs' contractual relationships with fifty-two hospitals where Plaintiffs staff the emergency rooms. After reviewing Plaintiffs' arguments against this discovery, the Special Master ruled that TeamHealth's status as a non-party does not shield these documents from production. (ECF No. 79, PageID #697.) Further, she determined that the requests relate to information about the value of Plaintiffs' services relevant to this dispute. (*Id.*)

8

Again, the parties argue the merits of their respective claims and defenses, and, again, a discovery dispute does not present a proper vehicle for resolving those questions. Also, although the Special Master could limit the number of contracts to be produced in discovery consistent with basic principles of proportionality or their potentially cumulative nature, Plaintiffs make all-or-nothing arguments in support of their objection to the Discovery Order. The Court cannot say that the Special Master's Discovery Order on this category constitutes an abuse of discretion. This discovery bears on information the parties may use to make their respective arguments on the issues of reasonable value, unjust enrichment, or other economic analysis bearing on the parties' respective claims and defenses.

### II.D.  Acquisition Costs and Market Analyses

Aetna Health requests in discovery any studies or analyses Plaintiffs (or TeamHealth) performed on reimbursements in the Ohio emergency room market created or reviewed when TeamHealth acquired Plaintiffs. Because determining the value of services in this market presents a central issue in the case, the Special Master ordered Plaintiffs to produce these materials. (ECF No. 79, PageID #698.) Notwithstanding, Plaintiffs' conclusory argument that these documents are "plainly irrelevant" and their allegation that Aetna Health disguised this request (ECF No. 82, PageID #724), the Court finds that this discovery has relevance to the issues in dispute between the parties. Accordingly, the Special Master did not abuse her discretion in ordering its production.

**II.E. Disputes with In-Network Providers**

In discovery, Aetna Health requests the production of Plaintiffs' disputes with five other managed care organizations who pay for emergency services in Ohio from 2013 to present, including an arbitration between a Plaintiff and United Healthcare. These requests extend to negotiations and terminations of contracts and specific settlement agreements. Because this information potentially bears on the reasonable value willing market participants would accept in voluntary transactions, the Special Master ordered its production, including a copy of the arbitration decision with United Healthcare and the agreement at issue in that arbitration. (ECF No. 79, PageID #700.)

In their objections, Plaintiffs advance several counterarguments; none are persuasive. First, Plaintiffs object to the Discovery Order by arguing that the requirement in federal law that emergency rooms treat all patients makes irrelevant the resolution of disputes establishing market value through the terms of a traditional analysis of what a willing buyer and willing seller would reach in a voluntary transaction. (ECF No. 82, PageID #724–25.) Not so. Such information, though not dispositive, provides fodder for the parties' respective arguments. It has relevance within the meaning of the discovery rules. Additionally, Plaintiffs object to the production of *all* materials regarding the arbitration at issue as irrelevant and barred by the confidentiality of the proceeding. (*Id.*, PageID #725.) But the Special Master did not order production of all materials related to that arbitration. To the contrary, the Discovery Order limits production to the decision itself (which is presumably subject to judicial confirmation under State or federal law) and the

agreement at issue. Accordingly, the Special Master did not abuse her discretion in ordering production of these materials.

## III. Attorneys' Fees

On June 9, 2022, the Court entered an order making clear that it would apply the mandatory fee-shifting provisions of Rule 37 to any discovery motion. (ECF No. 67.) Aetna Health seeks application of Rule 37 and the Court's Order of June 9, 2022. (ECF No. 84, PageID #1217.) At the time the Court issued that Order, the parties had extensive discovery disputes, which prompted the day-long tutorial in the first place. The Court had provided notice pursuant to Rule 53 of its intent to appoint a special master (ECF No. 68) but had not yet heard from the parties on the matter or appointed the Special Master. And the Court scheduled a conference for June 20, 2022 to address and resolve the outstanding discovery disputes. In this procedural posture and context, the Court's Order of June 9, 2022 applied to the interim period pending appointment of a special master. In other words, if the Court had proceeded with the discovery conference on June 20, 2022, it was prepared to enforce Rule 37 at that time.

With the appointment of the Special Master, the landscape changed. The Appointing Order authorizes the Special Master to enforce Rule 37. (ECF No. 73, PageID #655–56.) In the first instance, the parties should address any request under Rule 37 to the Special Master who may issue a ruling and a party may seek review as provided in Rule 53 and the Appointing Order. Inasmuch as the Special Master did not make a ruling regarding an award of fees or costs under Rule 37, the Court declines to address the matter.

11

## CONLUSION

For all these reasons, the Court determines that the Special Master did not abuse her discretion; therefore, the Court **OVERRULES** Plaintiffs' objections to the Discovery Order. (ECF No. 79.)

**SO ORDERED.**

Dated: February 13, 2023

J. Philip Calabrese
United States District Judge
Northern District of Ohio

12